# Exhibit A



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Wed, Jun 9, 2021

**Server Name:**       Drop Service

| | |
|---|---|
| Entity Served | DR. PEPPER/SEVEN UP INC FOR MOTTS LLC |
| Case Number | UNNL18021 |
| Jurisdiction | NJ |



SAMUEL TSINMAN, ESQ. (00829-2011)
FORMAN, CARDONSKY & TSINMAN, LLC
2353 St. Georges Avenue
Rahway, New Jersey 07065
(908) 353-6500
*Attorney for Plaintiff,*

| | |
|---|---|
| **JOSE ERAZO**<br><br>                    Plaintiff<br><br>**vs.**<br><br>**DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; AMAN SUKHRAM; CORPORATIONS 1-5; JOHN DOES 6-10; and MANAGERS 11-15**<br><br>                    Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY<br><br>Docket No.: UNN-L-180-21<br><br>Civil Action<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:  Dr. Pepper/Seven-Up, Inc. for Motts LLC

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

        If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

        If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                        */s/ Michelle Smith*
                                        Michelle Smith, Clerk of the Superior Court

Dated:  June 9, 2021

Name of Defendants to be Served:      Dr. Pepper/Seven-Up, Inc. for Motts LLC
Address of Defendants to be Served:  820 Bear Tavern Road, West Trenton NJ 08628

SAMUEL TSINMAN, ESQ. (00829-2011)
FORMAN, CARDONSKY & TSINMAN, LLC
2353 St. Georges Avenue
Rahway, New Jersey 07065
Telephone: (908) 353-6500
Fax: (908)353-5328
Attorney(s) for the Plaintiff(s)

| | |
|---|---|
| **JOSE ERAZO** | SUPERIOR COURT OF NEW JERSEY: LAW |
| | DIVISION: UNION COUNTY |
| **Plaintiff,** | |
| | Docket No.: UNN-L- |
| v. | |
| | Civil Action |
| DR PEPPER SNAPPLE GROUP –  AVENEL RDC; DR PEPPER/SEVEN-UP, INC.; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; AMAN SUKHRAM; CORPORATIONS 1-5; JOHN DOES 6-10; and MANAGERS 11-15 | **COMPLAINT; JURY DEMAND; DESIGNATION OF TRIAL ATTORNEY; DEMAND FOR INSURANCE; INTERROGATORIES; NOTICE TO PRODUCE** |
| **Defendants.** | |

Plaintiff, Jose Erazo, (hereinafter "Erazo"), residing at 48 6th Street, Apt. 2, City of Elizabeth (07203), County of Union, State of New Jersey, by way of Complaint against the Defendants, **DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.; AMAN SUKHRAM; CORPORATIONS 1-5; JOHN DOES 6-10; and MANAGERS 11-15** says,

## FACTUAL ALLEGATIONS

1.    **DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.** is a beverage manufacturer and / or distributor, with a

facility located at 433 Blair Road in Avenel (07001), New Jersey.

2.   **DR PEPPER SNAPPLE GROUP — AVENEL RDC; DR PEPPER/SEVEN- UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.** is a beverage manufacturer and / or distributor, with a main business address of 5301 Legacy Drive, Plano, Texas 75024.

3.   **DR PEPPER SNAPPLE GROUP — AVENEL RDC; DR PEPPER/SEVEN- UP, INC.FOR MOTTS LLP** is a beverage manufacturer and / or distributor, accepts service of process at 820 Bear Tavern Road, West Trenton, New Jersey 08628.

4.   At all relevant times, Defendant **AMAN SUKHRAM** worked as a manager and / or supervisor for Defendant **DR PEPPER SNAPPLE GROUP — AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.**s facility located at 433 Blair Road in Avenel (07001), New Jersey.

5.   Erazo's employment with **DR PEPPER SNAPPLE GROUP — AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.** began in or around September of 2011.

6.   Erazo was hired as a fork lift operator, paid on an hourly basis and thus, his employer was required to pay overtime compensation for hours worked in excess

of 40 in a workweek.

7.   Plaintiff's paychecks identify him as an hourly employee.

8.   Defendants refused to pay Erazo for the above referenced overtime hours worked.

9.   On or about January 23, 2018, Erazo was not feeling well and asked to go to the hospital; however, his supervisor told him no.

10.  Erazo's co-worker told the supervisor that he had to let Erazo go to the hospital; however, that supervisor refused to call an ambulance.

11.  Ultimately, Erazo went to the hospital and had open heart surgery on or about January 30, 2018.

12.  Following his surgery, Erazo used family leave and was out of work for a period of time.

13.  Based on the foregoing, Erazo's employer knew that he had a heart condition.

14.  Notwithstanding same, Defendant manager required Erazo to perform duties not in line with his job description.

15.  On or about December 30, 2019, Erazo was the most senior forklift operator; however, his manager demanded that Erazo use a red-colored degreaser despite Erazo's lack of proper knowledge, training,

ventilation and apparatus for the safe use of same.

16. After approximately fifteen minutes of using the degreaser, Erazo became dizzy and disoriented.

17. At that time, a co-worker called the supervisor and said supervisor opened a door.

18. Erazo walked outside to take a breath, walked back in, fainted, and fell down to the ground.

19. Prior to his fall, Erazo had no prior neck injuries.

20. Erazo has continued to suffer from neck pain following his work related fall.

21. Erazo had consistently been scheduled and / or required to work over 40 hours per week and was not paid overtime compensation.

22. Manager, Defendant, Aman Sukhram, routinely harassed Erazo including but not limited to refusing to shake his hand as was customary among other employees, illegitimate and unsubstantiated write-ups, yelling at him to "shut up" when he questioned write-ups, and directing derogatory statements at his such as "Hey asshole, you don't speak English."

23. Additionally, Aman Sukhram would routinely yell at Erazo and threaten to fire him by stating "one of these days I'm going to fire you."

24. On or about October 17, 2019, Erazo while utilizing his

forklift, hit a bin, reported it and cleaned up the mess.

25. His supervisor required Erazo to undergo a blood alcohol test, which came back with negative results for alcohol consumption.

26. Notwithstanding same, Defendant drafted termination paperwork, which Erazo refused to sign.

27. Erazo was terminated and his health insurance was cancelled immediately.

28. Other similarly situated employees broke pallets but did not get written up.

29. Indeed some of those employees failed to report the broken pallets and even hide them without consequence.

30. On or about October 30, 2019, Erazo was reinstated.

31. Erazo routinely complained about unsafe work conditions, illegal work practices including but not limited to failure to pay overtime, and harassment to Defendants and / or managers, supervisors, human resources, and union representatives / shop stewards to no avail.

32. On January 11, 2020, Erazo called out sick for neck pain related to a prior work injury, at which time his supervisor, Aman Sukhram, granted his sick day and told Erazo "not to worry."

33. Erazo was terminated for a second time on January 16, 2020 for calling out sick the prior Saturday.

34. Upon information and belief, Erazo's co-worker, Hector Urdiales, also called out of work sick; however, he was not fired.

35. Upon information and belief, co-worker Andres Steer, who tested positive for drug use after an incident involving a damage bay door, was not terminated as a result.

36. Upon information and belief, Defendant routinely harasses Hispanic workers and terminates their employment at a rate disproportionate to other races.

37. To date, Defendants have refused to pay Erazo the full amount of pay owed to him, which includes but is not necessarily limited to forty hours of overtime pay.

38. As a direct result of the foregoing harassment and retaliation, Erazo suffers from, among other ailments, anxiety and difficulty sleeping.

### COUNT ONE
### (New Jersey Wage and Hour Law- Failure to Pay Overtime)

1. Plaintiff repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

2. Plaintiff worked a significant amount of overtime

while employed with Defendants.

3.   At all relevant times, Defendants knew that they were required to pay overtime compensation to Plaintiff.

4.   Defendants failed to pay overtime to Plaintiff in violation of *N.J.S.A. 34:11-56* et seq.

5.   Plaintiff was not employed in a bona fide executive, administrative, or professional capacity within the meaning of the New Jersey Wage and Hour Law.

6.   Defendants' actions constitute a violation of the New Jersey Wage and Hour Law, as set forth in N.J.S.A. 34:11-56a et seq.

**WHEREFORE,** the Plaintiff, demands judgment against Defendants for:

1. Treble damages -compensatory, consequential, incidental;

2. punitive damages;

3. interest - prejudgment and post-judgment;

4. costs of suit;

5. attorneys fees;

6. equitable relief;

7. back pay;

8. front Pay;

9. loss of benefits;

10.   civil penalties as prescribed by law;

11.   such other relief as the Court may deem proper.

## COUNT TWO
### (CEPA)

1.   Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

2.   At all times mentioned Defendants were employers within the meaning of the Conscientious Employee Protection Act set forth in N.J.S.A. 34:19-1 et seq.

3.   Plaintiff engaged in protected activity by complaining about Defendants' unlawful actions, wrongful actions, and illegal activity.

4.   Defendants unlawful include but are not limited to failure to pay overtime, unsafe work environment, discrimination on the basis of race, and discrimination on the basis of disability.

5.   Defendants retaliated against Plaintiff for engaging in protected activity by terminating his employment.

6.   The adverse employment actions were caused by Plaintiff's engagement in protected activity.

7.   Defendants' actions constitute a violation of Conscientious Employee Protection Act set forth in N.J.S.A. 34:19-1 et seq.

8.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue in the future to suffer loss of income and benefits,

consequential and incidental damages and severe mental and emotional distress.

**WHEREFORE**, the Plaintiff, demands judgment against Defendants for:

1. damages -compensatory, consequential, incidental;

2. punitive damages;

3. interest - prejudgment and post-judgment;

4. costs of suit;

5. attorney's fees;

6. equitable relief;

7. back pay;

8. front Pay;

9. loss of benefits;

10. civil penalties as prescribed by law;

11. such other relief as the Court may deem proper.

## COUNT THREE
### (New Jersey Wage and Hour Law- Unlawful Adverse Employment Action)

1. Plaintiff repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

2. Plaintiff engaged in protected activity by asserting his right to be paid overtime compensation.

3. Defendants took adverse employment actions against Plaintiff by continuing to refuse to pay Plaintiff for

overtime hours worked and by making the work environment so intolerable and ultimately terminating Plaintiff's employment.

4. The adverse employment actions were caused by Plaintiff's engagement in protected activity.

5. Defendants' actions constitute a violation of the New Jersey Wage and Hour Law, as set forth in N.J.S.A. 34:11-56a et seq.

**WHEREFORE**, the Plaintiff, demands judgment against Defendants for:

1. Treble damages -compensatory, consequential, incidental;

2. punitive damages;

3. interest - prejudgment and post-judgment;

4. costs of suit;

5. attorney's fees;

6. equitable relief;

7. back pay;

8. front Pay;

9. loss of benefits;

10. civil penalties as prescribed by law;

6. such other relief as the Court may deem proper.

### COUNT FOUR
### (VIOLATION OF PUBLIC POLICY)

1. Plaintiff repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

2.    The actions of Defendants are in direct violation of the
      public policy of the State of New Jersey, consistent with
      Pierce v. Orthos Pharmaceutical Corp., 84 N.J. 58 (1980).

3.    The defendants engaged in direct and indirect adverse
      employment actions against the Plaintiff, in an effort to
      interfere with his job functions and responsibilities.

4.    Defendants took adverse employment actions against
      Plaintiff by continuing to refuse to pay Plaintiff for
      overtime hours worked and by making the work
      environment so intolerable that a reasonable person
      could not continue to endure it.

5.    As a direct and proximate result of Plaintiff's attempts to
      assert his rights to be paid overtime compensation pursuant
      to the law, Defendants undertook retaliatory and adverse
      employment actions against Plaintiff, resulting in
      unjustified disciplinary action, loss of pay, and
      termination.

**WHEREFORE**, the Plaintiff, demands judgment against Defendants
for:

      1. damages -compensatory, consequential, incidental;

      2. punitive damages;

      3. interest - prejudgment and post-judgment;

      4. costs of suit; and

      5. equitable relief;

6. back pay;

7. front Pay;

8. loss of benefits;

9. civil penalties as prescribed by law;

10.  and such other relief as the Court deems just and equitable.

### COUNT FIVE
**(Wage Theft Act, 2019 N.J. Laws, ch. 212 §§2, 4.
Retaliation and / or Unlawful Adverse Employment Action)**

1. Plaintiff repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

2.  Plaintiff engaged in protected activity by complaining to his employer on numerous occasions about their failure to pay his overtime compensation, in violation of the law.

3.  Defendants took adverse employment actions against Plaintiff by continuing to refuse to pay Plaintiff for overtime hours worked and by making the work environment so intolerable that a reasonable person could not continue to endure it, and ultimately terminating Plaintiff.

4.  The adverse employment actions were caused by Plaintiff's engagement in protected activity.

5.  Defendants' actions constitute a violation of the New

Jersey Wage and Hour Law, as set forth in N.J.S.A.
34:11-56a et seq. and the Wage Theft Act, 2019 N.J.
Laws, ch. 212 §§ 2, 4.

**WHEREFORE**, the Plaintiff, demands judgment against Defendants
for:

1. Treble damages -compensatory, consequential, incidental;

2. punitive damages;

3. interest - prejudgment and post-judgment;

4. costs of suit;

5. attorney's fees;

6. equitable relief;

7. back pay;

8. front Pay;

9. loss of benefits;

10.  civil penalties as prescribed by law;

11.  such other relief as the Court may deem proper.

## COUNT SIX
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1.  Plaintiff repeats and re-alleges each and every allegation
    set forth in all prior paragraphs as if set forth at length
    herein.

2.  At all times pertinent hereto, defendants' conduct was
    willful and wanton, and done with malice, and were designed
    to and did intentionally or recklessly inflict severe
    emotional distress upon Plaintiff.

3.  As a direct and proximate cause of defendants' negligent actions, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, physical manifestation of emotional distress, loss of income and other severe emotional losses.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, for compensatory damages, punitive damages, attorney fees, interest, costs and such other relief as the Court deems just and equitable.

## COUNT SEVEN
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

1.  Plaintiff repeats and re-alleges each and every allegations set forth in all previous paragraphs as if set forth at length herein.

2.  At all times pertinent hereto, defendants and their agents, servants, employees, and/or owners owed a legal duty of care to Plaintiff.

3.  At all relevant times herein, Defendants and their agents, servants, employees, and/or owners breached their duty of care to Plaintiff.

4.  As a direct and proximate result of defendants' carelessness and negligence, Plaintiff was caused to suffer severe and substantial emotional distress, humiliation, embarrassment, and physical manifestation of emotional

distress.

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally, for compensatory damages, punitive damages, attorney fees, interest, costs, injunctive relief, and such other relief as the Court deems just and equitable.

## COUNT EIGHT
### (RESPONDEAT SUPERIOR)

1. Plaintiff repeats and re-alleges each and every allegations set forth in all previous paragraphs as if set forth at length herein.

2. At all relevant times, **AMAN SUKHRAM; CORPORATIONS 1-5; JOHN DOES 6-10; and MANAGERS 11-15,** were acting as an agent/servant/employee of **DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.; CORPORATIONS 1-5; JOHN DOES 6-10; and MANAGERS 11-15,** and therefore all negligent and intentional acts are imputed to them.

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally, for compensatory damages, punitive damages, attorney fees, interest, costs, injunctive relief, and such other relief as the Court deems just and equitable.

## COUNT NINE
### (WORKERS COMPENSATION RETALIATION)

6. Plaintiff suffered a workplace injury and reported it to his employer.

7.  Plaintiff had returned to work; however, continued to suffer from neck pain due to the fall down.

8.  Plainitff called out sick for neck pain caused by his work related injury and he was subsequently terminated by Defendant for same.

9.  Defendants retaliated against Plaintiff for filing Workers' Compensation claims related to workplace injuries that occurred, by taking adverse employment action including but not limited to termination, in violation of N.J.S.A. 34:15-39.1.

10. By the foregoing actions, Defendants wrongfully and unlawfully retaliated against Plaintiff for seeking to assert his rights as to disability and benefits and Workers' Compensation benefits, thereby violating a clear mandate of public policy as set forth in the Workers' Compensation Act, N.J.S.A. 34:15-39.1.

11. As a proximate result of the Defendants' unlawful actions the Plaintiff was caused to suffer damages including severe physical and emotional distress, economic damages including lost wages and benefits, severe emotional and mental distress, humiliation and anxiety caused by the uncertainty of her employment situation, damage to her reputation and family and social disruption, as well as other personal and economic injuries.

**WHEREFORE**, the Plaintiff, demands judgment against Defendants, jointly and severally, for:

    A.    equitable relief;

    B.    back pay;

    C.    front Pay;

    D.    loss of benefits;

    E.    compensatory damages;

    F.    punitive damages;

    G.    enhanced attorneys' fees and costs as permitted by
          law;

    H.    civil penalties as prescribed by law;

    I.    interest; and,

    J.    such other relief as the Court may deem proper.

**COUNT TEN**
(TERMINATION ON THE BASIS OF RACE AND / OR NATIONAL ORIGIN IN
VIOLATION OF NJLAD)

1.    The Plaintiff repeats and re-alleges each of the
      allegations set forth above as if fully set forth herein.

2.    At all times relevant to this Complaint, Defendants, **DR
      PEPPER SNAPPLE GROUP - AVENEL RDC; DR PEPPER/SEVEN-UP,
      INC.FOR MOTTS LLP**; DR PEPPER/SEVEN-UP, INC.; **AMAN SUKHRAM;
      CORPORATIONS 1-5; JOHN DOES 6-10; and MANAGERS 11-15**, was
      operating in New Jersey and was Plaintiff's "employer"
      within the meaning of the New Jersey Law Against

Discrimination, N.J.S.A. 10:5-1, *et seq.* (hereinafter "NJLAD").

3. Plaintiff, an Hispanic male, is a member of a protected class under NJLAD.

4. Plaintiff's race and / or national origin as described above was a substantial motivating factor in Defendant's discriminatory termination of the Plaintiff's employment in violation of NJLAD.

5. As a direct and proximate result of Defendants' aforesaid discrimination, Plaintiff has suffered and will continue in the future to suffer loss of income and benefits, consequential and incidental damages, and severe mental and emotional distress.

6. Defendant's discriminatory actions were willful and malicious and/or in reckless disregard of Plaintiff's rights and involved the willful participation of upper management.

**WHEREFORE**, Plaintiff, demands judgment against the Defendants, jointly and severally, for:

A. Equitable relief

B. Back pay;

C. Front pay;

D. Loss of benefits and wages;

E. Compensatory damages;

F. Punitive damages;

G. Enhanced attorney's fees and costs as permitted by law;

H. Civil penalties as prescribed by law;

I. Interest; and,

J. Such other relief as the Court may deem proper.

## COUNT TEN
(TERMINATION DUE TO DISABILITY IN VIOLATION OF NJLAD)

1. The Plaintiff repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

2. Defendants were aware of Plaintiff's work-related injury.

3. Notwithstanding same, Defendants terminated Plaintiff's employment when he used a sick day when Plainitff was experiencing neck pain due to his work related injury.

4. As a direct and proximate result of Defendants' aforesaid discrimination, Plaintiff has suffered and will continue in the future to suffer loss of income and benefits, consequential and incidental damages, and severe mental and emotional distress.

5. Defendant's discriminatory actions were willful and malicious and/or in reckless disregard of Plaintiff's rights and involved the willful participation of upper management.

**WHEREFORE**, Plaintiff, demands judgment against the Defendants,

jointly and severally, for:

> A. Equitable relief
>
> B. Back pay;
>
> C. Front pay;
>
> D. Loss of benefits and wages;
>
> E. Compensatory damages;
>
> F. Punitive damages;
>
> G. Enhanced attorney's fees and costs as permitted by law;
>
> H. Civil penalties as prescribed by law;

**COUNT ELEVEN**
(FAILURE TO OFFER REASONABLE ACCOMMODATION IN VIOLATION OF NJLAD)

1. The Plaintiff repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

2. Plaintiff was expecting to return to work at the time of his termination by Defendants.

3. Upon information and belief, "light duty" work was available as a reasonable accommodation, which Plaintiff could have performed.

4. Instead of being assigned "light duty" work, Plaintiff was terminated.

5. As a result of the foregoing, Plaintiff has suffered and will continue in the future to suffer loss of income and benefits, consequential and incidental damages, and severe mental and emotional distress.

6.   Defendant's wrongful actions were willful and malicious
     and/or in reckless disregard of Plaintiff's rights and
     involved the willful participation of upper management.

**WHEREFORE**, Plaintiff demands judgment against the Defendants,
for:
     A. Equitable relief;

     B. Back pay;

     C. Front pay;

     D. Loss of benefits and wages;

     E. Compensatory damages;

     F. Punitive damages;

     G. Enhanced attorney's fees and costs as permitted by law;

     H. Civil penalties as prescribed by law;

     I. Interest; and,

     J. Such other relief as the Court may deem proper.


                         **FORMAN, CARDONSKY & TSINMAN, LLC**

                          /s/ Samuel Tsinman

                         Samuel Tsinman, Esq.

     Dated: January 18, 2021


                **DEMAND FOR DISCOVERY OF INSURANCE CARRIER**

Pursuant to R.4:10-2(b), demand is hereby made that Defendants

     disclose to Plaintiff's attorney, whether there are any

insurance agreements or policies under which any person or firm

carrying on an insurance business may be liable to satisfy part

or all of a judgment and provide Plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets.  This demand shall be deemed to include and cover not only primary coverage but also any and all excess catastrophe and umbrella policies.

## NOTICE TO PRODUCE

**PLEASE TAKE NOTICE** that pursuant to Rule 4:18-1 requests you to produce the following designated documents.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and shall apply to all materials, which may come into your possession or under your control up through and including the time of trial.

### REQUEST TO PRODUCE NO. 1

Identify and produce all documents concerning communications between employees and/or agents of **DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.** concerning the allegations in the Complaint.

### REQUEST TO PRODUCE NO. 2

Identify and produce all documents concerning verbal complaints, written complaints, lawsuits, agency filings, and any other complaints mad within the past ten (10) years regarding claim of failure to pay overtime wages, a hostile work environment or retaliation against **DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.** its employees or officers.

### REQUEST TO PRODUCE NO. 3

Provide a copy of Plaintiff's personnel files, including but not limited to her employment application, attendance and earnings records, job performance evaluation, disciplinary records and

documents relating to any matters alleged in the Complaint.

### REQUEST TO PRODUCE NO. 4

Provide a copy of each and every time card and / or time sheet of Plaintiff's.

### REQUEST TO PRODUCE NO. 5

Identify and provide copies of any personnel policies, handbooks, agreements, guidelines, and any other documents that reflect, refer or relate to Defendants' wage policies and procedures between 2010 and the present time.

### REQUEST TO PRODUCE NO. 6

Identify and provide copies of any documents reflecting, referring or relating to any policy in effect between 2010 and the present time, prohibiting retaliation against an employee for reporting misconduct and/or inappropriate and / or illegal behavior in the workplace.

### REQUEST TO PRODUCE NO. 7

Identify and provide copies of any documents reflecting, referring or relating to Defendant's current complaint procedures for reporting incidents of misconduct and/or inappropriate behavior and / or unlawful behavior in the workplace between 2010 and the present time.

### REQUEST TO PRODUCE NO. 8

Produce all documents that refer, relate to or reflect Defendants' efforts to prevent retaliation against Plaintiff.

### REQUEST TO PRODUCE NO. 9

Produce all payroll documents, records, and pay stubs relating to Plaintiff.

### REQUEST TO PRODUCE NO. 10

Produce all documents concerning any investigation made by Defendants in response to Plaintiff's complaints as identified in the Complaint. Identify the author of each such document.

### REQUEST TO PRODUCE NO. 11

Produce all documents concerning any training provided by Defendants to Plaintiff regarding Defendants' procedures for reporting incidents of misconduct and/or inappropriate behavior and / or unlawful behavior in the workplace between **2010** and the present time.

### REQUEST TO PRODUCE NO. 13

Identify and provide all documents reflecting, referring or relating to steps taken by Defendants to monitor the effectiveness of its policy and procedures for posting, distributing or communicating its anti-harassment policies.

### REQUEST TO PRODUCE NO. 14

Identify the employees or individuals currently responsible for training supervisors regarding preventing and/or correcting unfair and/or inappropriate discriminatory behavior in the workplace.

### REQUEST TO PRODUCE NO. 15

Identify and provide copies of all documents, videotapes, audiotapes, books and other materials currently used to train managers and supervisors.

### REQUEST TO PRODUCE NO. 16

Identify the employees or individuals currently responsible for training non-supervisory employees.

### REQUEST TO PRODUCE NO. 17

Identify and provide copies of all documents, videotapes, audiotapes, books and other materials currently used to train non-supervisory employees.

### REQUEST TO PRODUCE NO. 18

Identify and provide copies of all documents, reflecting, referring or relating to any written or verbal complaint of defendants failure to pay regular time or overtime made by Plaintiff during his employment.

## REQUEST TO PRODUCE NO. 19

Identify and provide copies of all documents, reflecting, referring or relating to any time off requests made by Plaintiff during the course of his employment with Defendants.

## REQUEST TO PRODUCE NO. 20

Produce any communications, including emails and other electronically stored information, from or to the following employees concerning the allegations made by Plaintiffs in the Complaint.

**AMAN SUKHRAM**

## REQUEST TO PRODUCE NO. 21

Identify and provide any and all documents which may or will be used as an exhibit at trial or any evidentiary hearing in this matter.

## REQUEST TO PRODUCE NO. 22

Identify and provide any and all documents which have been provided to any expert or lay witness who may or will be called to testify on your behalf at a trial or any evidentiary hearing in this matter.

## REQUEST TO PRODUCE NO. 23

Identify and provide any and all documents received from any person who may or will be called as an expert or lay witness at trial or any evidentiary hearing.

## REQUEST TO PRODUCE NO. 24

Any and all documents, reports, or other records which relate to the matters alleged in the Complaint or the defenses asserted by Defendants in their Answers, which have been obtained from any party to this action or their agents, employers, representatives or attorneys.

## REQUEST TO PRODUCE NO. 25

All documents, memoranda, tapes, computer discs, notes or any other form of information memorialized in any form whatsoever

relating to the matters alleged in the Complaint, the defenses asserted by Defendants in their Answers, whether or not you will utilize such items at trial or any evidentiary hearing and whether or not prepared by you.

## REQUEST TO PRODUCE NO. 26

Produce all performance reviews of Plaintiff.

## REQUEST TO PRODUCE NO. 27

Produce all copies of any and all checks paid to Plaintiff throughout the duration of his employment with Defendant.

## REQUEST TO PRODUCE NO. 28

Identify and provide copies of lists of hours owed and overtime hours worked from January 1, 2018 to date.

## DEMAND FOR ANSWERS TO INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), PLAINTIFF hereby demands answers to the following Interrogatories within sixty (60) days of the filing of Defendants' Answer(s) to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and shall apply to all materials, which may come into your possession or under your control up through and including the time of trial.

1. State:
   - (a)   the name;
   - (b)   address;
   - (c)   telephone number;
   - (d)   and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)


2. State:
   - (a)   your name;
   - (b)   every name you have used in the past;
   - (c)   the dates you used each name.

3. State the date and place of your birth.

4. State:
      (a)    your present residence address;
      (b)    your residence address for the last five years;
      (c)    the dates you lived at each address.

5. Are you a corporation? If so, state:
      (a)    the name stated in the current articles of
          incorporation;
      (b)    all other names used by the corporation during
          the past ten years and the dates each was used;
      (c)    the date and place of incorporation;
      (d)    the address of the principal place of business;
      (e)    whether you are qualified to do business in New
          Jersey?

6. Are you a partnership? If so, state:
      (a)    the current partnership name;
      (b)    all other names used by the partnership during
          the past ten years and the dates each was used;
      (c)    whether you are a limited partnership and, if so,
          under the laws of what jurisdiction;
      (d)    the name and address of each general partner;
      (e)    the address of the principal place of business.

7. Are you a joint venture? If so, state:
      (a)    the current joint venture name;
      (b)    all other names used by the joint venture during
          the past ten years and the dates each was used;
      (c)    the name and address of each joint venturer;
      (d)    the address of the principal place of business.

8. Have you done business under a fictitious name during the
   past ten years? If so, for each fictitious name state:

    (a)     the name;
    (b)     the dates each was used;
    (c)     the state and county of each fictitious name
    filing;
    (d)     the address of the principal place of business.

9. At the time of the incident, was there in effect any policy
of insurance through which you were or might be insured in
any manner (for example, primary, pro- rata, or excess
liability coverage or medical expense coverage) for the
damages, claims, or actions that have arisen out of the
incident? If so, for each policy state:
    (a)     the kind of coverage;
    (b)     the name and address of the insurance company;
    (c)     the name, address, and telephone number of each
    name insured;
    (d)     the policy number;
    (e)     the limits of coverage for each type of coverage
    contained in the policy;
    (f)     whether any reservation of rights or controversy
    or coverage dispute exists between you and the
    insurance company;
    (g)     the name, address, and telephone number of the
    custodian of the policy.

10.    Are you self-insured under any statute for the
damages, claims, or actions that have arisen out of the
incident? If, so, specify the statute.

11.    Have you or anyone acting on your behalf interviewed
any individual concerning the incident? If so, for each
individual state:
    (a)     the name, address, and telephone number of the
    individual interviewed;
    (b)     the date of the interview;
    (c)     the name, address, and telephone number of the
    person who conducted the interview.

12.     Have you or anyone acting on your behalf obtained a
   written or recorded statement from any individual
   concerning the incident? If so, for each statement state:
        (a)     the name, address, and telephone number of the
            individual from whom the statement was obtained;
        (b)     the name, address, and telephone number of the
            individual who obtained the statement;
        (c)     the date the statement was obtained;
        (d)     the name, address, and telephone number of each
            person who has the original statement or a copy.


13.     Have you or anyone acting on your behalf conducted
   surveillance of any individual involved in the incident or
   any party to this action? If so, for each surveillance
   state:
        (a)     the name, address, and telephone number of the
            individual or party;
        (b)     the time, date and place of the surveillance;
        (c)     the name, address, and telephone number of the
            individual who conducted the surveillance.


14.     Has a written report been prepared on the
   surveillance? If so, for each written report state:
        (a)     the title;
        (b)     the date;
        (c)     the name, address, and telephone number of the
            individual who prepared the report;
        (d)     the name, address, and telephone number of each
            person who has the original or a copy.


15.     Name the natural person who has the best knowledge of
   the employment termination procedures of **DR PEPPER SNAPPLE
   GROUP - AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP;
   DR PEPPER/SEVEN-UP, INC.** in effect at around the time of
   plaintiff's termination.


16.     State the name of each natural person who directly
   supervised plaintiff at any time during plaintiff's
   employment with **DR PEPPER SNAPPLE GROUP - AVENEL RDC; DR**

PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.

17.   Describe in detail every positive comment communicated to plaintiff concerning plaintiff's work for **DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.**

18.   Describe in detail every negative comment communicated to plaintiff concerning plaintiff's work for **DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.**

19.   Describe in detail every performance review which plaintiff received while employed by any defendant, regardless of whether the performance review was reduced to writing.

20.   Describe in detail every determination which any defendant made about plaintiff's job performance, regardless of whether the determination was communicated to anyone, irrespective of whether the determination was a formal one.

21.   Describe in detail every discussion, prior to the plaintiff's termination, which any employee of **DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.** had with plaintiff concerning any dissatisfaction with the performance of plaintiff's duties as an employee of **DR PEPPER SNAPPLE GROUP – AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.**

22.   State the name of every natural person who has knowledge of any deficiencies in plaintiff's job

performance while employed by **DR PEPPER SNAPPLE GROUP - AVENEL RDC; DR PEPPER/SEVEN-UP, INC.FOR MOTTS LLP; DR PEPPER/SEVEN-UP, INC.**.

23.     State the name of every natural person who has knowledge of any fact stated in your responses to Interrogatories.

24.     Describe in detail every position of employment offered to plaintiff by any defendant before plaintiff's termination.

25.     Identify each individual you may call as a witness at trial.

26.     With respect to each individual listed in interrogatory 25, describe in complete detail his/her anticipated or expected testimony at trial.

27.     Identify each expert whom you have retained or may retain in this matter.

28.     With respect to each individual listed in interrogatory 27, state in full detail his/her qualifications, training, experience, education and degree obtained. As to each item listed in the answer to this interrogatory, set forth the dates and/or years of same, as well as the names and addresses of each institution attended.

29.     With respect to each individual listed in interrogatory 27, state the subject matter on which such person is expected to testify.

30.    With respect to each individual listed in interrogatory 27, state the substance of the facts and opinions to which the expert is expected to testify and the grounds for each opinion.

31.    Identify all articles, treatises, or writings of any nature authored by each expert identified in interrogatory 27 that refer or relate to the subject matter of this litigation.

32.    Identify each and every document intended to be used at trial in this ligation

33.    Provide your tax returns from 2010 through 2020.

34.    Provide copies of any and all employee grievances beginning 2010 through 2020.

35.    Provide a complete copy of plaintiff's employee record.

36.    Provide copies of any writings, communications, emails, audio related to plaintiff's separation that led to this litigation.

37.    Identify any and all employees who ever complained about issues with being paid an overtime wage.

38.     Identify any and all employees who ever complained about issues regarding retaliation.

39.     Identify each and every lawsuit filed against **NutraBio Labs, Inc**. beginning 2010 through 2020.

40.     Identify each and every claim of unlawful action, even if no suit was filed, by any employee beginning 2010 through 2020.

41.     Provide the names and addresses of all your employees between 2010 and 2020.

42.     Identify any and all complaints made to the Department of Labor against you beginning 2010 through 2020.

43.     Has any prospective employer contacted you about plaintiff in anticipation of hiring him? If so, state when, and what was told to that employer oral or in writing.

44.     Have you or any other employee made any comment, statement, remark, about plaintiff after her termination. If so, state when, where and what was said.


### JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiff hereby demands a Trial by Jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

**PURSUANT** to Rule 4:25-4, Samuel Tsinman, Esq., is hereby designated as trial counsel of the within matter.

### C E R T I F I C A T I O N

Pursuant to the requirements of Rule 4:5-1, I the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Causes of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1.  OTHER ACTIONS PENDING?          Yes _    NO X_

    A.  If YES - Parties to other Pending Actions.

    B.  In my opinion, the following parties should

        be joined in the within pending Cause of Action.

2.  OTHER ACTIONS CONTEMPLATED?     YES _    NO X_

    A.  If YES - Parties contemplated to be joined, in

        other Causes of Action.

Plaintiff will be filing a claim in Worker's Compensation Court.

3.  ARBITRATION PROCEEDINGS PENDING?  YES _    NO X_

    A.  If YES - Parties to Arbitration Proceedings.

    B.  In my opinion, the following parties should be

        joined in the pending Arbitration Proceedings.

4.  OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?  YES _  NO

X_

    A.  If YES - Parties contemplated to be joined to

Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any changes as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

FORMAN, CARDONSKY & TSINMAN, LLC

BY:    /s/ Samuel Tsinman
            Samuel Tsinman

DATED: January 18, 2021

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-000180-21

**Case Caption:** ERAZO JOSE  VS DR. PEPPER SNAPPLE
G ROUP- AVE

**Case Initiation Date:** 01/18/2021

**Attorney Name:** SHMUEL TSINMAN

**Firm Name:** FORMAN CARDONSKY TSINMAN LLC

**Address:** 2353 ST. GEORGES AVE

RAHWAY NJ 07065

**Phone:** 9083536500

**Name of Party:** PLAINTIFF : Erazo, Jose

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE
PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Jose Erazo? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/18/2021
Dated

/s/ SHMUEL TSINMAN
Signed